## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIE DELK
901 Burns Street, S.E.
Washington, D.C. 20019

    Plaintiff,

    vs.

PNC Bank, N.A.
222 Delaware Avenue
Wilmington, Delaware 19801

Serve:  Corporation Service Company
        1090 Vermont Avenue, N.W.
        Washington, DC 20005

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:23–cv–01365 **JURY DEMAND**
Assigned To : Jackson, Amy Berman
Assign. Date : 5/15/2023
Description: TRO/PI (D–DECK)

**Jury Demanded**

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

1.    This is a Complaint for Declaratory Judgment and Injunctive Relief by Plaintiff Willie Delk, against Defendant PNC Bank, National Association (N.A.).  Plaintiff brings this action to require Defendant's bank to accept Mr. Delk's "Durable Power of Attorney," and compel the Defendant to allow Plaintiff;s attorney-in-fact and agent, Romell Robinson to withdraw monies from Plaintiff's performance checking account at Defendant's bank.

## PARTIES

2.    Plaintiff Willie Delk ("Plaintiff" or "Mr. Delk") is a resident of the District of Columbia. Mr. Delk is a disabled Vietnam Veteran, who has received two "Purple Heart" Awards and a "Silver Star" for outstanding service during combat.

RECEIVED

MAY 15 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

3.    Mr. Delk residents at 902 Burns Street, S.E., Washington, D.C. 20019.  He is a United States Citizen.

4.    Defendant PNC Bank, N.A ("PNC"). is a national banking association with corporate offices located at 222 Delaware Avenue, Wilmington, Delaware 19801.  The Defendant has bank branch offices in the District of Columbia and Maryland, and the Defendant was registered as District of Columbia Domestic entity on about December 19, 2014.

## JURISDICTION

5.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as it asserts claims that arises under the Constitution, laws, or treaties of the United States, specifically The Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a, 42 U.S.C. 1981 ("Section 1981"), 28 U.S.C. §§ 2201-02 (declaratory relief) as these claims arise under and to address the deprivation of rights secured by the Americans with Disabilities Act of 1967, the Age Discrimination in Employment Act of 1975, 42 U.S.C. §§ 6101-6107, et. seq, Civil Rights Act for Deprivation of Rights, 42 U.S.C. § 1981 and the Uniform Power of Attorney Act, DC Code Sec. 21-2601,.01 et. seq.  Jurisdiction over Counts Seven and Eight are brought under District of Columbia law, and is conferred by the doctrine of pendent jurisdiction as those claims arise from the same common nucleus of operative facts.

## VENUE

6.    Venue is proper in the District of Columbia under 28 U.S.C. § 1331 and 29 U.S.C. § 1402 because a substantial part of the acts and omissions that give rise this complaint occurred in the District of Columbia.  Further, this Court has jurisdiction over this Complaint because there is diversity of the parties, and a question of federal law is presented.  28 U.S.C. §§ 1331 (federal

question) and 1332 (diversity).  Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).  There are also DC pendant jurisdictional claims.

7.      An actual, justifiable controversy exists now between the parties in which Plaintiff is entitled to relief sought herein to redress the harm plaintiff would otherwise suffer.

## EXHAUSTION OF REMEDIES

8.      Plaintiff has exhausted all of her administrative remedies.

9.      On or about January 18, 2021, Plaintiff Delk instructed his attorney to prepare a Power of Attorney (hereinafter "POA") on his behalf and he appointed Romell Robinson as his agent and attorney-in-fact "to act in the place and stead and with the same authority as the Principal [Willie S. Delk] would have to do in carrying out the following acts in the event of mental or physical disability of the Principal. . . . POA, p. 1, ¶ 1, lines 4-8.

10.     Mr. Delk also stated that "This Power of Attorney shall not be affected by subsequent incapacity or lapse of time.  This Power of Attorney authorities my agent and attorney-in-fact to handle my personal and financial affairs, and to care for my general physical and mental health and welfare" POA, *p. 5, ¶ 2, lines 5.*

11.     Power of Attorney Principal, Willie Samuel Delk is a bedbound, 79-year-old Africa American male, who is physically and mentally disabled.  He is a U.S. Army Vietnam War veteran, who has been awarded two "Purple Hearts" and a "Silver Star."  Mr. Delk's attorney informed PNC Bank's Executive Client Relations Office during mid-March 2023 that his client wanted Ms. Romell Robinson to handle his financial affairs and that she be permitted to deposit and withdraw

funds from his account. This was and continues to be the request of my client, Willie Samuel Delk. I also advised the bank of my client's status and condition as mentioned above.

12.     Mr. Delk did not want or intend for PNC Bank to request a physician's statement (on the physician's letterhead or prescription pad) because the agent's authority and powers were to take effect upon the signing of his Power of Attorney on January 18, 2021. Mr. Delk also spoke with Rebecca Thompson on March 15, 2023, wherein he requested that the bank immediately honor his Power of Attorney and agent's authority.

13.     Plaintiff now timely files this action pursuant to federal law.

## BACKGROUND

14.     Plaintiff hereby incorporates by reference hereto, the facts, law and/or allegations contained within the preceding paragraphs, as fully set forth herein.

14(b).  In calendar year 2021, Plaintiff's legal counsel prepared a "Durable Power of Attorney" for his client, Plaintiff Willie Samuel Delk pursuant to District of Columbia law. Mr. Willie S. Delk named Ms. Romell Robinson to serve as his agent and attorney-in-fact. The Power of Attorney (POA) authorized my Ms. Robinson to handle all of Plaintiff Delk's banking, including the withdrawal and deposit of funds in his PNC bank account and to write checks on my Plaintiff's behalf. *See, attached POA. Exh. #1.* Mr. Delk is a bedbound 79-year-old African American male, who is physically and mentally disabled and unable to leave home. He is a Vietnam War decorated veteran with a "Silver Star" and two "Purple Hearts" for separate combat injuries. As of the filing of this federal complaint, Plaintiff's POA (Romell Robinson) is unable to hire home aids and nurses for his medical care and pay his debts and home maintenance expenses because Defendant

PNC Bank refuses to recognize and honor Plaintiff's POA, which would allow Plaintiff's POA to withdraw funds from Plaintiff Delk's PNC Bank account.[1] *See, Exh. #2 & #4.*

15.    Plaintiff Willie Samuel Delk has maintained a Performance Select Checking account at PNC bank ending in 6579 ("the account") for several years.

16.    On or about January 20, 2023, POA Romell Robinson contacted the Manager of the Marlboro Pike, Prince Georges' County branch of Defendant PNC Bank and complained that Defendant PNC bank would not allow her to withdraw monies from Mr. Delk's account.  The manager informed POA Robinson that she would need a statement from the U.S. Veteran's Administration Hospital describing and certifying the medical condition Plaintiff Delk.

17.    Although this was not and is not required under the D.C. "Power of Attorney" document, Ms. Robinson went to the U.S. Department of Veteran Affairs Medical Center ("VA") in Washington, DC and obtained a medical statement on VA hospital letterhead dated January 23, 2023, which defined his medical condition.  *See, Exh. #2, attached, Veterans Administration Medical Statement.*

18.    Several days later, Ms. Robinson returned to the bank with the V.A. medical statement, and  again, Ms. Robinson was denied access to his bank account.  This has resulted in Mr. Delk's bills being delinquent with the payment of his household bills, unable to hire home care nurses, and this has prevented Ms. Robinson from buying needed supplies for Plaintiff Willie Delk.  On February 8 and 28, 2023, the Plaintiff's request to allow his agent to withdraw funds from his

---

[1] D,C. Code § 21-2601.04 (Power of attorney is durable), provides that "[A] power of attorney created under this chapter is durable unless it expressly provides that it is terminated by the incapacity of the principal."  Mr. Delk's Power of Attorney does not state that it is terminated by Mr. Delk's incapacity. *See, Exh. 9.*

account was verbally declined because the bank stated that a physician's statement on office letterhead or prescription paid was not provided.

In fact, agent Robinson gave the Defendant the V.A. Hospital's medical statement on January 23, 2023. Plaintiff's legal counsel contacted the legal branch of the bank to protest Plaintiff's treatment by the bank, and the Defendant's representative returned counsel's telephone call approximately ten days later, again denying Ms. Robinson the right to handle Mr. Delk's banking affairs.

19.     On March 14, 2023, Plaintiff's legal counsel filed a complaint about Defendant PNC Bank's treatment of Plaintiff and his POA Representative Romell Robinson with the United States Consumer Financial Protection Bureau. *See, Exh. #5.*

20.     In response to the March 14th complaint, on April 18, 2023, Defendant PNC bank wrote a letter to Plaintiff Delk through the U.S. Consumer Financial Protection Bureau Portal, wherein PNC stated that it reviewed Plaintiff's agent's January 2023 and February 2023 request for the release of funds from Plaintiff's account. As a result of Mr. Delk's federal administrative complaint, PNC Bank now requested a physician's statement on his letterhead or pad. *See, Exh. #6.*

21.     D.C. Code § 21- 2601.04 – (Power of attorney is durable) provides that "A power of attorney created under this chapter is durable unless it expressly provides that it is terminated by the incapacity of the principal."

22.     On January 18, 2021, Plaintiff Willie Delk created and duly signed a "Durable Power of Attorney" appointing Romell Robinson as his agent and attorney-in-fact. The Durable Power of Attorney gave Mr. Delk's agent the authority "to act in the place and stead and with the same

authority as the Principal would have to do in carrying out the following acts in the event of mental or physical disability of the Principal. . . . The Durable Power of Attorney expressly provides that it "shall not be affected by subsequent incapacity or the lapse of time. This Power of Attorney authorizes my agent and attorney-in-fact to handle my personal and financial affairs, and to care for my general physical and mental health and welfare."

23.    Plaintiff's Durable Power of Attorney gave his agent Romell Robinson the authority to immediately (as of January 18, 2021) handle his financial affairs and banking activities without restriction and without the necessary to verify his medical condition.

24.    On January 23, 2023, Plaintiff's agent Romell Robinson provided Defendant PNC Bank with a medical statement from the U.S. Department of Veterans Affairs Medical Center that certifies that Plaintiff is under the care of the medical center and currently bedbound with memory loss.

25.    In January and February 2023, Defendant PNC Bank refused to acknowledge Plaintiff's Power of Attorney for over ninety (90) days and continues to refuse to accept the validity of Plaintiff's Durable Power of Attorney to the present date of this legal action.   The Defendant refuses to accept the "Durable Power of Attorney" because the bank maintains that Plaintiff's agent (Romell Robinson) did not provide a medical doctor's statement verifying Plaintiff's physical and/or mental condition.  Plaintiff's agent is not required to provide the Defendant bank with a medical doctor's verification of Plaintiff's medical condition because it is not required as a term or condition of the Plaintiff's Durable Power of Attorney.

26.    On April 19, 2023, agent Romell Robinson provided PNC Bank with "Agent Romell

Robinson's Certification as to the Validity of Willie Delk's Durable Power of Attorney and the Agent's Authority which states that the agent's authority to act under the Power of Attorney became effective on the date of signing. *See, Exh. #7.*

27.    On April 19, 2023, agent Romell Robinson also gave PNC Bank a document entitled "Opinion Letter" which was written by Attorney Frazer Walton, Jr.. The Opinion Letter, among other things, stated that it was the intent of Plaintiff Delk to have the Durable Power of Attorney take effect on January 18, 2021. The Opinion Letter also states that the Durable Power of Attorney shall not be affected by subsequent incapacity or lapse of time. *See, Exh. #8.*

28.    On May 3, 2023, agent Romell Robinson personally went to PNC Bank and attempted to again, withdraw funds from Plaintiff's Delk's checking account but PNC Bank denied her request to withdraw monies from Plaintiff Delk's account.

29.    As a result of PNC Bank's refusal to release funds from Plaintiff's account, he has become delinquent in the payment of his household bills, and the payment of his retained medical caregivers (nurses).

30.    Plaintiff has suffered financial harm, emotional distress and pain and suffering because of PNC Bank's intentional violation of D.C. Code § 2106.01 et. seq. *See, Exh. #9.*

31.    Plaintiff has suffered financial harm, emotional distress and pain and suffering resulting from PNC Bank's gross negligence in violation of DC Code § 2106.01 et seq., as stated above.

32.    Plaintiff hereby incorporates by reference hereto, the facts, law and/or allegations contained within the preceding paragraphs, as fully set forth herein.

**CAUSES OF ACTION**

**COUNT ONE**
**The Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 1981, *et seq.***
**(Discrimination on the Basis of Veterans Status)**

33.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

34.     Plaintiff is a U.S. Military Veteran and as such, is a member of a protected class.

35.     Defendant's bank is considered a public accommodation within the meaning of the Civil Rights Act of 1964. As a customer of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to non-Veterans, when the Defendant refused and continues to refuse to allow Plaintiff's Attorney-in-Fact (POA Romell Robinson) to withdraw funds from Plaintiff Delk's PNC Bank account.  Defendant PNC bank is considered a public accommodation within the meaning of the Civil Rights Act of 1964.

36.     Defendant knew at all times during the events described throughout this Complaint that Plaintiff was and is a U.S. military veteran.  Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to his veteran status.   PNC Bank intentionally disregarded Mr. Delk's status as a 79-year-old bedbound decorated U.S. Army veteran, when the Defendant refused to acknowledge and accept the January 23, 2023, U.S. Department of Veterans Affairs Medical Center letter, which described Mr. Delk's medical condition.  It was not until the U.S. Consumer Financial Protection Bureau contacted PNC Bank regarding Plaintiff's complaint that the Defendant, as an afterthought, answered the complaint by demanding that Mr. Delk present a statement on his physician's letterhead describing his medical condition.

37.     Other customers, who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of their customer account agreement with the Defendant bank.

38.     Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his military veteran's status.

39.     As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, mental and physical injury, and monetary damages – including but not limited to expenses, and costs – and is entitled to all available legal and equitable remedies.

40.     Plaintiff was and is humiliated, embarrassed, and made to endure mental and physical injury, a great amount of pain and suffering, and the injury is permanent in nature.

41.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all the other losses stated herein.

**COUNT TWO**
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 1981, *et seq.***
**( Discrimination on the Basis of Race)**

42.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

43.     Plaintiff is a male and as such, is a member of a protected class.

44.     Plaintiff is a Black male and as such, is a member of a protected class.

45..    As a customer of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to non-Black male customers of the Defendant bank.

10

46.    The reason(s) proffered for Defendant's unlawful conduct, including that PNC's refusal to allow his POA agent Romell Robinson to access and withdraw monies from Mr. Delk's account was the result of the PNC's discriminatory conduct and total disregard of Plaintiff's military status, health, age, and race.  PNC's explanations for its conduct in refusing access to Plaintiff's account are not legitimate and are a pretext for its discriminatory conduct.

47.    Defendant knew at all times during the events described throughout this Complaint that Plaintiff is a Black male.

48.    Plaintiff has been treated differently and subjected to different terms and conditions of his customer status due to his race (Black).

49.    Other bank customers who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of their customer account status.

50.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (Black male).

51.    As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, mental and physical injury, and monetary damages – including but not limited to expenses, and costs – and is entitled to all available legal and equitable remedies.

52.    Plaintiff was humiliated, embarrassed, and made to endure mental and physical injury, a great amount of pain and suffering, and her injury is permanent in nature.

## COUNT THREE
### Civil Rights Act of 1964, as amended,
### 42 U.S.C. § 1981, *et seq.*
### ( Discrimination on the Basis of Sex)

53.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

54.     Plaintiff is a male and as such, is a member of a protected class.

55.     Plaintiff is a Black male and as such, is a member of a protected class.

56..     As a customer of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to non-Black male customers of the Defendant bank.

57.     The reason(s) proffered for Defendant's unlawful conduct, including that PNC's refusal to allow his POA agent Romell Robinson to access and withdraw monies from Mr. Delk's account was the result of the PNC's discriminatory conduct and total disregard of Plaintiff's status, health, age, and race.  PNC's explanations for its conduct in refusing access to Plaintiff's account are not legitimate and are a pretext for its discriminatory conduct.

58.     Defendant knew at all times during the events described throughout this Complaint that Plaintiff is a Black male.

59.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to his race and sex (Black male).

60.     Other employees who were similarly situated but are members of a different  protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of banking account privileges and uses.

61.     Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his sex  (male).

62.    As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, mental and physical injury, and monetary damages – including but not limited to expenses, and costs – and is entitled to all available legal and equitable remedies.

63.    Plaintiff was humiliated, embarrassed, and made to endure mental and physical injury, a great amount of pain and suffering, and her injury is permanent in nature.

64.    Defendant's unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's customer account relations because Plaintiff's designated and authorized agent was unable to withdraw funds from Plaintiff's checking account.

65.    Plaintiff was humiliated, embarrassed, and made to endure mental and physical injury, a great amount of pain and suffering, and her injury is permanent in nature.

## COUNT FOUR
### Americans With Disabilities Act of 1990
### ( Discrimination on the Basis of Mental and Physical Disability)

66.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

67.    Plaintiff suffered a mental and physical disability (memory loss and lack of physical mobility due to illness – bedbound) which was known to the Defendant, and as such, is a member of a protected class.

68.    The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, prohibits institutions from discriminating against qualified individuals because of a disability "in regard to public accommodations. 42 U.S.C. § 12112.  PNC Bank has and is refusing to respect, recognize and allow Plaintiff Delk's attorney-in-fact and agent to serve his banking needs.

69.     At all times relevant to this case, Defendant was advised and is aware that Mr. Delk suffers from memory loss and lack of physical mobility – bedbound.

70.     Plaintiff suffers from stress that was intentionally caused by the Defendant.  Mr. Delk's memory loss and lack of physical mobility substantially limited at least one of Plaintiff's major life activities.  Plaintiff is an individual with a disability under the ADA.

71.     Plaintiff was and is humiliated, embarrassed, and made to endure mental and physical pain and suffering due to Defendant's unlawful mental and physical discriminatory treatment as outlined above, and is entitled to all available legal and equitable remedies.


**COUNT FIVE**
**Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 1981,** *et seq.*
**( Discrimination on the Basis of Age)**

72.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

73.     Plaintiff was over the age of forty (40) at the time of the above discriminatory actions, and as such, is a member of a protected class.

74.     Because of Plaintiff's age the Defendant refuses to allow Plaintiff's attorney-in-fact and agent (Romell Robinson) to handle his PNC banking affairs (withdraw funds from Plaintiff's performance checking account at said bank.

75.     Defendant at all times relevant to this cause of action was fully aware of Mr. Delk's advanced age and infirmity.

76.     Defendant's unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's customer account relations because Plaintiff's designated and authorized agent was unable to withdraw funds from Plaintiff's checking account.

77.    Plaintiff was humiliated, embarrassed, and made to endure mental and physical injury, a great amount of pain and suffering, and her injury is permanent in nature.

**COUNT SIX**
**Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 1981, *et seq.***
**(Discrimination on the Basis of Reprisal)**

78.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

79.    Plaintiff engaged in protected EEO activity, and as such, is a member of a protected class. As a customer of the Defendant, Plaintiff was treated differently and subjected to disparate and retaliatory treatment, in comparison to other customers with no prior EEO activity, that Defendant. After Mr. Delk filed a complaint with the U.S. Consumer Financial Protection Bureau on March 15, 2023, PNC Bank immediately retaliated against Mr. Delk by demanding a letter on a physician's office letterhead or prescription pad, dated within the last 12 months, signed by a physician, indicating the incapacity or inability of the principal to make financial decisions. Ironically, Mr. Delk provided PNC Bank with a medical statement from the Veterans Administration Hospital on January 23, 2023.

80.    Defendant has subjected Plaintiff to adverse customer actions, including the right to have Plaintiff's agent withdraw monies from his PNC bank account, handle his banking affairs, and otherwise deprived Plaintiff of his rights as enjoyed by other customers with no prior EEO activity.

81.    Defendant's unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's customer checking account contract because it resulted in Mr. Delk being unable to pay his household bills, enjoy home care nurses and otherwise handle his financial affairs.

82.    Plaintiff was humiliated, embarrassed, and made to endure mental and physical injury, a great amount of pain and suffering, and her injury is permanent in nature.

83.    Plaintiff has incurred expenses and costs due to Defendant's actions, now and into the future, and all other losses stated herein.


### COUNT SEVEN
### DC Human Rights Act
### (Discrimination on the Basis of Race
### Sex, Age, Reprisal and Mental and Physical
### Disability and Veterans Status)

84.    Plaintiff incorporates all information, facts, law and/or allegations and realleges the facts set forth above and contained in the preceding paragraphs.

85.    As a result of Defendant's actions Plaintiff Delk has suffered and will continue to suffer health issues, and economic and non-economic harm.


### COUNT EIGHT
### Violation of D.C. Code § 21-2601.01 et. seq.
### Uniform Power of Attorney Act

86.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

87.    D.C. Code § 21- 2601.04 – (Power of attorney is durable) provides that "A power of attorney created under this chapter is durable unless it expressly provides that it is terminated by the incapacity of the principal."

88.    On January 18, 2021, Plaintiff Willie Delk created and duly signed a "Durable Power of Attorney" appointing Romell Robinson as his agent and attorney-in-fact.  The Durable Power of Attorney gave Mr. Delk's agent the authority "to act in the place and stead and with the same

authority as the Principal would have to do in carrying out the following acts in the event of mental or physical disability of the Principal. . . . The Durable Power of Attorney expressly provides that it "shall not be affected by subsequent incapacity or the lapse of time. This Power of Attorney authorizes my agent and attorney-in-fact to handle my personal and financial affairs, and to care for my general physical and mental health and welfare."

89.     Plaintiff's Durable Power of Attorney gave his agent Romell Robinson the authority to immediately (as of January 18, 2021) handle his financial affairs and banking activities without restriction and without the necessary to verify his medical condition.

90.     On January 23, 2023, Plaintiff's agent Romell Robinson provided Defendant PNC Bank with a medical statement from the U.S. Department of Veterans Affairs Medical Center that certifies that Plaintiff is under the care of the medical center and currently bedbound with memory loss.

91.     In January and February 2023, Defendant PNC Bank refused to acknowledge Plaintiff's Power of Attorney for over ninety (90) days and continues to refuse to accept the validity of Plaintiff's Durable Power of Attorney to the present date of this legal action.    The Defendant refuses to accept the "Durable Power of Attorney" because the bank maintains that Plaintiff's agent (Romell Robinson) did not provide a medical doctor's statement verifying Plaintiff's physical and/or mental condition.  Plaintiff's agent is not required to provide the Defendant bank with a medical doctor's verification of Plaintiff's medical condition because it is not required as a term or condition of the Plaintiff's Durable Power of Attorney.

92.     On April 19, 2023, agent Romell Robinson provided PNC Bank with "Agent Romell

Robinson's Certification as to the Validity of Willie Delk's Durable Power of Attorney and the Agent's Authority which states that the agent's authority to act under the Power of Attorney became effective on the date of signing.

93.    On April 19, 2023, agent Romell Robinson also gave PNC Bank a document entitled "Opinion Letter" which was written by Attorney Frazer Walton, Jr.. The Opinion Letter, among other things, stated that it was the intent of Plaintiff Delk to have the Durable Power of Attorney take effect on January 18, 2021. The Opinion Letter also states that the Durable Power of Attorney shall not be affected by subsequent incapacity or lapse of time.

94.    On May 3, 2023, agent Romell Robinson personally went to PNC Bank and attempted to again, withdraw funds from Plaintiff's Delk's checking account but PNC Bank denied her request to withdraw monies from Plaintiff Delk's account. *See, Robinson affidavit.*

95.    As a result of PNC Bank's refusal to release funds from Plaintiff's account, he has become delinquent in the payment of his household bills, and the payment of his retained medical caregivers (nurses).

96.    Plaintiff has suffered financial harm, emotional distress and pain and suffering because of PNC Bank's intentional violation of D.C. Code § 2106.01 et. seq.

97.    Plaintiff has suffered financial harm, emotional distress and pain and suffering resulting from PNC Bank's gross negligence in violation of DC Code § 2106.01 et seq., as stated above.

.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

a.  Provide Plaintiff with all necessary banking assistance associated with and in accordance with Mr. Delk's Durable Power of Attorney.

b. Provide Plaintiff with the right to use agent Romell Robinson as his attorney-in-fact and agent to conduct his banking business;

c. Provide Plaintiff with applicable interest and expenses associated with bringing this cause of action, including the agent's time and expense for the handling of this matter.

d. Award Plaintiff pecuniary and nonpecuniary compensatory damages in a proven amount not to exceed lawful amounts provided by law.

e. Award Plaintiff punitive damages as decided by the Court;

f. Award Plaintiff reasonable attorney's fees and costs;

g. Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

98.    Plaintiff hereby incorporates by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

99.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules, and regulations, present a clear and present danger to the banking customers of Defendant and could result in further illegal actions on the part of Defendant, by and through their respective agents, servants, and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order Defendant to institute a policy and procedure to be implemented against discrimination and retaliation.

b. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein.

c. Supervisory training for the supervisors at issue herein; and

d.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

FRAZER WALTON, JR.
DC Bar No. 374301
1913 D. Street, N.E.
Washington, DC 20002
(202) 398-8920
Email: Frawalton@verizon.net

Attorney for Plaintiff Willie Delk

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIE DELK<br>901 Burns Street, S.E.<br>Washington, D.C. 20019<br><br>    Plaintiff,<br><br>    vs.<br><br>PNC Bank, N.A.<br>222 Delaware Avenue<br>Wilmington, Delaware 19801<br><br>Serve:  Corporation Service Company<br>         1090 Vermont Avenue, N.W.<br>         Washington, DC 20005<br><br>    Defendant. | Civil Action No.<br><br><br>**Jury Demanded** |

## CERTIFICATION OF COUNSEL

I hereby certify that a copy of Plaintiff Delk's Motion for Temporary Restraining Order, Preliminary Injunction and Waiver of Bond and the Complaint for Declaratory Judgment and Injunctive Relief, and Proposed Order were mailed by Fedex Delivery on this 15th day of May 2023, to PNC Bank, N.A., c/o its District of Columbia Registered Agent, Corporation Service Company, 1090 Vermont Avenue, N.W., Washington, D.C. 20003.

By:   _____
      Frazer Walton, Jr.
      D.C. Bar #374301
      1913 D Street, N.E.
      Washington, D.C. 20002
      (202) 398-8920
      Email: Frawalton@verizon.net

      Attorney for Plaintiff