IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE DELK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case no. 1:23-cv-01365 |
| | ) |
| PNC BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT PNC BANK, N.A. TO DISMISS AMENDED COMPLAINT**

## I.     INTRODUCTION

Plaintiff Willie Delk ("Plaintiff" or "Delk") filed his initial Complaint on May 15,

2023, alleging that PNC Bank N.A.'s ("Defendant" or the "Bank") refusal to accept a non-vested

Power of Attorney violated the D.C. Uniform Power of Attorney Act, §21-2601.01 et. seq. and

various federal and state laws that protect against discrimination.[1] On June 5, 2023, Defendants

moved to dismiss the Complaint on the grounds that Plaintiff's Complaint failed to plead a cause

of action and/or the facts demonstrating that Plaintiff was treated differently from similarly situated

persons. Several hours later, Plaintiff filed his Amended Complaint in which he modified his

claims under 42 U.S.C. § 1981 and the Civil Rights Act of 1964 and added two additional counts;

Count Nine, alleging violation of the General Power of Attorney Act (repealed), and Count Ten,

alleging breach of contract. On June 6, 2023, this Court entered a Minute Order denying

Defendant's Motion to Dismiss as moot in light of Plaintiff's Amended Complaint. *See* ECF.  No.

---

[1] A central issue in this matter is Plaintiff's alleged physical and mental disability. Defendant notes that this lawsuit is brought under Delk's name. Delk's status as physically and mentally disabled is supported in part, by his own affidavit. As a general rule, a mentally incapacitated person does not have the ability to sue on his own behalf or provide sworn statements.

13. The denial was without prejudice to renewal of the motion as to the Amended Complaint. *Id.*

Defendant now moves to dismiss the Amended Complaint. As set forth in further detail below, Plaintiff is still unable to plead viable claims under 42 U.S.C § 1981 or the Civil Rights Act of 1964. Further, Plaintiff's claim that Defendant violated the now repealed, General Power of Attorney Act fails to state a claim upon which relief may be granted because that act was repealed in its entirely and replaced by the D.C. Uniform Power of Attorney Act that "applies to a power of attorney created before, on, or after the effective date of [the act] (February 23, 2023)." D.C. Code §21-2604.03(1). Plaintiff has failed to plead a claim for breach of contract because Defendant is not under any obligation to recognize a conditional power of attorney without evidence of incapacity consistent with District of Columbia law.

## II.    FACTUAL BACKGROUND

The Amended Complaint alleges that on January 18, 2021, Delk executed the Power of Attorney document naming Romell Robinson as his agent and attorney-in-fact "in the event of the mental or physical disability" of Delk. *See* Am. Compl. at ¶22 and Ex. 1 to ECF No. 1.[2] The Power of Attorney does not identify a person authorized to make the determination of Delk's incapacity. *Id.*

The Amended Complaint further alleges that in January and February 2023, Robinson presented the Power of Attorney to a branch office of PNC Bank and asked to be added as a signatory on Delk's checking account held with the Bank. Am. Compl. at ¶ 25 and Ex. 6 to ECF No. 1.  Upon reviewing the terms of the Power of Attorney requiring the "mental or physical disability of [Delk]" before the Power of Attorney would become effective, Defendant requested

---

[2] Plaintiff's Amended Complaint references numerous exhibits as attached. However, none are attached. Plaintiff's counsel has subsequently stated that he is relying on exhibits attached to earlier filings.

that Robinson provide a written statement of a physician certifying Delk's incapacity. *Id.* Robinson and Delk have failed, and continue to refuse, to provide a writing from a physician. Instead Robinson and Delk insist that Defendant rely on a one-paragraph statement on the Department of Veterans Affairs letterhead signed an individual named Oyesola Akintan. *Id.* The one-paragraph statement is silent as to Akintan's title and credentials. However, at the May 17, 2023 telephonic status conference with the Court, Plaintiff's counsel admitted that Akintan is a registered nurse and not a physician.

The Amended Complaint further alleges that on March 14, 2023, Plaintiff's counsel filed a complaint against the Defendant with the U.S. Consumer Financial Protection Bureau (the "CFBP Complaint"). Am. Compl. at ¶ 19 and Ex. 3 to ECF No. 1. On April 18, 2023, Defendant responded to the CFBP Complaint and observed that the effectiveness of the Power of Attorney is conditioned on Delk's mental or physical incapacity and that Defendant required a writing from a physician certifying such incapacity. Am. Compl. at Ex. 6 to ECF No. 1. Defendant stated that it required a writing:

    (1)    On signed letterhead or a prescription pad;
    (2)    Dated within the last 12 months;
    (3)    Signed by a physician; and
    (4)    Indicating the incapacity or inability of the principal to make financial decisions.

*Id.* The Bank's conditions correspond to the requirements of the D.C. Uniform Power of Attorney Act. D.C. Code 21§ 2601.09. Robinson and Delk have refused to provide the required statement.

On May 15, 2023, Plaintiff filed the instant lawsuit. The Bank timely moved to dismiss the Complaint on June 5, 2023. Later that day, Plaintiff filed the Amended Complaint. Plaintiff now alleges that Defendant has violated the D.C. Uniform Power of Attorney Act and the repealed General Power of Attorney Act by requiring a statement from a physician verifying Delk's incapacity. It is further alleged that the Bank's insistence that Plaintiff comply with District

of Columbia law somehow constitutes a breach of contract and is discriminatory under 42 USC §1981; Title II of the Civil Rights Act of 1964, as amended; the Americans With Disabilities Act of 1990; and the D.C. Human Rights Act. *See generally* Am. Compl.

## III.   ARGUMENT

### A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 344 (D.C. Cir. 2018). To survive a motion to dismiss, a complaint must plead sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion under Rule 12(b)(6), the court must "accept the plaintiff's factual allegations as true," *Sickle*, 884 F.3d at 345, and "construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476, (D.C. Cir. 2012) (internal quotation marks omitted). The court need not accept as true, however, "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at  555). A court is not required to accept mere "threadbare recitals of a cause of action's elements, supported by mere conclusory statements…" *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 555 (a plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do."). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B.    Plaintiff Has Failed to Meet the Requirements Under §21-2601.09 and Therefore Cannot Establish a Claim Under the D.C. Uniform Power of Attorney Act**

The Power of Attorney is governed by the D.C. Uniform Power of Attorney Act, D.C. Code §21-2601.01, et seq. The Uniform Power of Attorney Act expressly "applies to a power of attorney created before, on, or after the effective date of the [act] (February 23, 2023)." D.C. Code §21-2604.03(1). Therefore, it is the Uniform Power of Attorney Act that is applicable to this action initiated on May 15, 2023. The Power of Attorney is conditioned upon the event of Delk's "mental or physical disability." Am. Compl. at ¶ 9. The Power of Attorney does not identify a person authorized to make the determination of Delk's incapacity.

D.C. Code § 21-2601.09 provides that:

 (c) If a power of attorney becomes effective upon the principal's incapacity and the principal has not authorized a person to determine whether the principal is incapacitated . . . the power of attorney becomes effective upon a determination in writing or other record by:

(1)    A physician that the principal is incapacitated within the meaning of §21-2601.02 (5)(A); or

(2)    An attorney at law, a judge, or an appropriate governmental official that the principal is incapacitated within the meaning of §21-2601.02 (5)(b).

Plaintiff's putative agent, Romell Robinson, has refused to provide a writing from a physician and demanded that Defendant rely on a one-paragraph statement signed by Oyesoka Akintan. The statement does not disclose Akintan's title or credentials.  However, Plaintiff's counsel subsequently admitted that Akintan is a nurse and not a physician. While District of Columbia case law is sparse on the issue of conditions precedent in Powers of Attorney and proofs of incapacity in the context of the Uniform Power of Attorney Act, the Act itself is clear and courts in other jurisdictions generally hold that a power of attorney is not authorized until the specified requisites are met. *See Ridley-McKinney v. Shoemaker (In re Estate of Collins)*, 405 S.W.3d 602

(Mo. Ct. App. 2013)(finding that a durable power of attorney was not properly vested when the requisite condition precedent required certification of incapacity by a physician and certification of incapacity by death was made only by a non-physician coroner); *Knight v. John Knox Manor, Inc.,* 92 So. 3d 111 (Ala. Civ. App. 2012)(stating that a principal's durable power of attorney was ineffective because it conditioned the exercise of any appointed powers as attorney-in-fact on the principal's incapacity being certified by two physicians and two physicians had not certified incapacitation). Here, Robinson and Delk have not provided any certification by a medical physician or any other legally recognized authority under §21-2601.09(c)(2).

Additionally, the condition precedent to the effectiveness of the Power of Attorney, "mental or physical disability of [Delk]," is not invalidated by the later provision that "[t]he Power of Attorney shall not be affected by subsequent incapacity or the lapse of time." Am. Compl. at ¶¶ 22, 88 and POA at p. 5. This argument misreads the terms of the Power of Attorney. The two provisions are not inconsistent and one does not invalidate the other. *See* § 21-2601.10(a)(2) (A power of attorney terminates when the principal becomes incapacitated unless the power of attorney is durable); § 21-2601.10(c) ("Unless the power of attorney otherwise provides, an agent's authority is exercisable until the authority terminates under subsection (b) of this section, notwithstanding a lapse of time since the execution of the power of attorney.") No one disputes that the Power of Attorney is durable. Unless revoked, the Power of Attorney remains outstanding and subject to becoming effective, but only upon Delk's "mental or physical disability." Nothing in the subsequent provision on durability invalidates that condition precedent.

Plaintiff makes much of the fact that Visiting Angels Living Assistance Services accepted Robinson's electronic signature on a VA Client Services Agreement and argues that the agreement with Visiting Angels signed by Robinson somehow satisfied the Bank's need for

evidence of Delk's incapacity. It does not. The Bank is not a party to the VA Client Services Agreement and the agreement is not signed by a physician, the requirement of the Uniform Power of Attorney Act.

The Power of Attorney is conditioned on Delk's mental or physical disability. The Power of Attorney does not designate a person to determine his capacity. Therefore, in order for the Power of Attorney to be properly vested there must be proof of incapacity. Defendant PNC Bank, N.A. has complied with D.C. law and asked only the same of Delk. There has been no violation of the Act and, therefore, Count Eight of the Complaint does not state a claim for which relief can be granted.

**C.    Plaintiff's Claim Alleging Violation of the Repealed General Power of Attorney Act Fails to State A Claim for Which Relief Can Be Granted**

The predecessor statute, the General Power of Attorney Act, D.C. Code § 21-2101.01 et seq. (sometimes the "Act" in this section), is inapplicable to this action or Delk's Power of Attorney because the prior Act has been repealed in its entirety. The replacement statute, the D.C. Uniform Power of Attorney Act, "applies to a power of attorney created before, on, or after the effective date of [the act]. (February 23, 2023)" D.C. Code § 21-2604.03(1). There is no extant cause of action under the repealed Act. The fact that Robinson claims to have first presented the Power of Attorney one month before the effective date of the Act is also of no moment, as Defendant always owed a duty to its customer to confirm that the precondition of "mental or physical disability" was met. Nothing in the repealed statute barred the Bank's demand for evidence of incapacity and, since February 23, 2023, the nature of the required proof has been codified in District of Columbia law.

Plaintiff raises the same strawman argument as under the Uniform Power of Attorney Act that the Power of Attorney was durable under the repealed General Power of

Attorney Act because "[a] power of attorney created under this chapter is durable unless it expressly provides that it is terminated by the incapacity of the principal." Am. Compl. at ¶ 87 citing to § 21-2101.01 et seq. The durability of the Power of Attorney is separate from its effectiveness. Defendant reiterates that it does not dispute that the Power of Attorney is durable. The issue in this action is Robinson and Delk's failure to establish Delk's incapacity and the effectiveness of the Power of Attorney. Plaintiff's claim that Defendant violated the General Power of Attorney Act also fails to state a claim upon which relief may be granted plausible.

**D.      Plaintiff's Breach of Contract Claim Must Be Dismissed For Failure to State a Viable Claim**

Plaintiff's claim alleging breach of contract should be dismissed because Defendant's request for proof incapacity is not contractually restricted and is in accordance with D.C. law. "To prevail on a claim of breach of contract, a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract;  (3) a breach of that duty; and (4) damages caused by breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Plaintiff's Amended Complaint does not plead any obligation or duty that requires Defendant to permit Robinson to access Delk's funds without a properly vested Power of Attorney. Plaintiff summarily alleges that Defendant's refusal to allow Robinson to withdraw funds from Delk's account constitutes "breach of contract, bad faith and a violation of the terms and conditions of his rights as a customer of PNC Bank". Am. Compl. at ¶ 104. However, the Amended Complaint does not attach a copy of any contract between the parties or otherwise reference any contractual provisions, or any express or implied duties, he alleges to be violated.

The contractual relationship between the Bank and Delk is governed by the Bank's

Account Agreement. *See* Ex. 1.[3] There is no provision in the Account Agreement that supersedes District of Columbia law. Moreover, there is nothing in the Account Agreement that specifically forbids Defendant from abiding by the law or conducting its due diligence to protect its customers against fraud.[4] *See generally* Ex.1. In fact, the Account Agreement sets forth in relevant part that, "[a]ny individual acting as an attorney-in-fact, agent, guardian, personal representative, trustee, custodian or some other fiduciary capacity (collectively, an "agent") must be designated by us as such on our records. If this individual is not so designated, it will be assumed by us that you have no agent appointed." *Id.* at pg. 9. Here, the Power of Attorney is expressly conditioned upon the "mental or physical disability" of Delk. The Power of Attorney does not identify a person authorized to make the determination that Delk is incapacitated. Therefore, that decision is governed by D.C. Code §21-2601.09. In the absence of compliance with that statute, there has been no designation of an attorney-in-fact and the Bank is within its rights to assume no agent has been appointed. Defendant's refusal to permit Robinson to access Delk's funds is, therefore, not a breach of contract, but is in accordance with District of Columbia law and the terms of the Account Agreement.

Thus, Plaintiff's breach of contract claim should be dismissed because Plaintiff has failed to establish that Defendant owed an obligation or duty arising out of a contract that required it to accept a Power of Attorney without evidence of "mental or physical disability."

---

[3] "'In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity'. Therefore, 'where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment'." *Redmon v. United States Capitol Police*, 80 F. Supp. 3d 79,82 (D.D.C. 2015) citing to *Demissie v. Starbucks Corporate Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014) and *Strumsky v. Washington Post Co.,* 842 F. Supp. 2d 215, 217-18 (D.D.C. 2012).

[4] The Account Agreement would be rendered illegal and unenforceable if it did require violation of any statute or other law. *See Cevern, Inc. v. Ferbish*, 666 A.2d 17 (D.C. 1995); Restat. 2d of Contracts, §§ 178 and 179.

E.       **Plaintiff Claims Under 42 U.S.C. § 1981, *et seq.* Do Not State A Claim for Which Relief Can Be Granted**

Section 1981 of Title 42 of the United States Code protects against race and ethnicity-based discrimination. "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). Although "[§] 1981 claims most commonly involve contracts of employment," the provision "also prohibits refusal of service based on race." *Bonner v. S-Fer Int'l,* 207 F. Supp. 3d 19, 23 (D.D.C. 2016) citing to *Mitchell v. DCX, Inc.,* 274 F. Supp. 2d 33, 44 (D.D.C. 2003).

Plaintiff's Amended Complaint alleges discrimination on the basis of race (Count Two) and discrimination on the basis of reprisal (Count Six). Am. Compl. at ¶¶ 42-52, 78-83. However, Plaintiff has not sufficiently pled the elements of a claim that Defendant's refusal to honor the Power of Attorney was motivated by an intent to discriminate on the basis of race. "To establish a claim under § 1981, a plaintiff must show that (1) [he or she is a member] of a racial minority [group]; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Bonner,* F. Supp. 3d at 23 citing to *Mitchell,* 274 F. Supp. at 44-45.  Additionally, Section 1981 "can be violated only by purposeful discrimination." *Wilson v. DNC Servs. Corp.*, 417 F. Supp. 3d 86, 91 (D.D.C. 2019) citing to *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391(1982).

Courts will analyze § 1981 claims under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Wilson*, F.Supp. 3rd at 91. Under this framework, a plaintiff must make a *prima facie* case of racial discrimination. *Id.* The burden then shifts to the defendant

to show that a legitimate non-discriminatory reason existed for the incident giving rise to the claim. *Id.* Even if a defendant does this, a plaintiff may still be able to establish a violation of § 1981 if he or she is able to establish that the defendant's proffered explanation was a pretext for discrimination. *Id.* However, "…plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that his race was the reason for defendant's actions." *Bray v. RHT, Inc.,* 748 F. Supp. 3, 5 (D.D.C. 1990). Additionally, in showing discriminatory intent a plaintiff may present evidence that persons similarly situated were treated differently. *See Newman v. Borders, Inc.,* 530 F. Supp. 2d 346, 349 (D.D.C. 2008) citing to *Gregory v. Dillard's, Inc.,* 494 F.3d 694, 704 (8th Cir. 2007)(explaining that discriminatory intent may be evidenced by a showing that "similarly situated white shoppers were treated differently than black shoppers").

In *SS & T, LLC v. Am. Univ.,* Civil Action No. 19-721 (JDB), 2020 U.S. Dist. LEXIS 42107 (D.D.C. Mar. 11, 2020), a business owner of Indian descent brought a § 1981 discrimination claim against American University claiming that the University's behavior regarding his company's lease agreement was racially motivated. This Court held that plaintiff's claims should be dismissed because he had merely alleged that similarly situated leaseholders were treated differently, but offered no specific facts to support his contention. *Id.* at *11. Specifically, this Court found that the plaintiff failed to "identify any of the other businesses that lease property from American University or the race of the other business owners, nor does SS & T explain how those businesses were similarly situated yet treated differently." *Id.  See also, Wilson*, F.Supp. 3rd at 94-95 (stating that in order to establish a pretext of discrimination a plaintiff must demonstrate that a similarly situated individual was treated differently, and that similarly situated comparator must be "nearly identical").

In the instant matter, Plaintiff's Amended Complaint does not allege a plausible claim under § 1981 as he only makes a conclusory statement that he has been treated differently from similarly situated customers. Plaintiff has not pled any facts identifying any similarly situated customers, their race, or the circumstances showing how they may have been treated differently or any other factual support for his claim. Am. Compl. at ¶¶ 48-49. *See also*, *Ndondji v. InterPark Inc.,* 768 F. Supp. 2d 264, 274-75 (D.D.C. 2011)(dismissing § 1981 claims where the plaintiff made only "conclusory statements" without "factual allegations demonstrating that his race, ancestry, or ethnic characteristics were the reason for any mistreatment he suffered"). Thus, Plaintiff cannot establish that he was discriminated against based on race or on the basis of reprisal. Similarly, Plaintiff's allegation of discrimination on the basis of reprisal also fails to identify what is the "protected EEO activity" Plaintiff alleges to have engaged in, why the EEO is relevant to the present litigation concerning a customer-business relationship, or otherwise allege any substantive facts showing that Defendant's request for a physician's note indicating incapacity was somehow racially motivated or retaliatory. Am. Compl. at ¶¶ 79-83. Even if Plaintiff had made a *prima facie* case of discrimination, the Bank has established a legitimate nondiscriminatory reason for refusing to recognize the Power of Attorney, *viz.,* Robinson and Delk have failed and refused to comply with the D.C. Uniform Power of Attorney Act.

Accordingly, Plaintiff's claims under 42 U.S.C. § 1981 should be dismissed because Plaintiff has failed to plead sufficient factual allegations to state a claim to which relief is plausible.

**F.    Plaintiff's Claims Under Title II of the Civil Rights Act of 1964 Do Not State A Claim For Which Relief Can Be Granted**

Plaintiff's Amended Complaint alleges various types of discrimination under Title II of the Civil Rights Act of 1964 (sometimes the "Act" in this section), including that Defendant

discriminated against him based on his veteran's status (Count One), on the basis of race (Count Two), on the basis of sex (Count Three), on the basis of age (Count Five), and discrimination on the basis of reprisal (Count Six). *See generally* Am.  Compl. Plaintiff's allegations fail to allege viable claims because he has not demonstrated that the Bank is a place of public accommodation for purposes of Title II of the Act or that the Bank discriminated against him on the basis of race, color, religion, or national origin.

Title II of the Civil Rights Act of 1964 provides that " [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 USCS § 2000a(a).  Title II prohibits discrimination only on the grounds of race, color, religion, or national origin. Plaintiff's claims of discrimination on the basis of his veteran's status, age, and sex all fail to allege a claim for which relief can be granted. *Slaby v. Fairbridge*, 3 F. Supp. 2d 22, 1998 U.S. Dist. LEXIS 4827 (D.D.C. 1998)(holding that scientist failed to state a viable claim of sex discrimination against the American Association for the Advancement of Science because Title II of the Act does not apply to discrimination on the basis of sex); *Burnette v. Bredesen*, 566 F. Supp. 2d 738, 2008 U.S. Dist. LEXIS 52322 (E.D. Tenn. 2008))("The public accommodations provision, i.e., 42 U.S.C.S. § 2000a(a), of the Civil Rights Act of 1964, only applies to discrimination or segregation on the ground of race, color, religion, or national origin.") Therefore, Plaintiff's allegations of discrimination in violation of Title II on the basis of his veteran's status, sex, and age, require dismissal.

Plaintiff's remaining discrimination claims under Title II should also be dismissed because banks are not places of public accommodation under the Act. Section § 2000a(b) of Title

42 enumerates categories of establishments that are considered places of public accommodations. Banks are excluded from this list. *See Foster v. Howard Univ. Hosp.,* Civil Action No. 06-244 (JDB), 2006 U.S. Dist. LEXIS 74512 (D.D.C. Oct. 12, 2006) citing to *Denny v. Elizabeth Arden Salons, Inc.,* 456 F.3d 427, 431 (4th Cir. 2006), and stating that, "[t]he statute 'sets forth a comprehensive list of establishments that qualify as a place of public accommodation and in so doing excludes from its coverage those categories of establishments not listed.'" *See also id.* citing to *Kalantar v. Lufthansa German Airlines*, 402 F. Supp. 2d 130, 139 (D.D.C. 2005) (dismissing Title II claim brought by Iranian airline passenger because no enumerated category of establishments was implicated in the litigation). *Cf. Akyar v. TD Bank US Holding Co.*, No. 18-CV-379 (VSB), 2018 U.S. Dist. LEXIS 155789 (S.D.N.Y. Sep. 12, 2018)(dismissing claim alleging discrimination under Title II of the Civil Rights Act because defendant, TD Bank, was not a place of public accommodation); *Lowe v. ViewPoint Bank*, 972 F.Supp.2d 947, 959 (N.D.Tex. 2013) (granting summary judgment on plaintiff's Title II claim against defendant bank on the basis that "a bank is not a place of public accommodation" under 42 U.S.C. § 2000a(b)).

Even if Defendant were deemed a place of public accommodation under Title II of the Act, Plaintiff has not alleged sufficient facts establishing any violation. In order to allege a *prima facie* case of discrimination, a plaintiff must show that: "(1) they are members of a protected class; (2) they attempted to contract for services and to afford themselves, the full benefits and enjoyment of a public accommodation; (3) they were denied the right to contract for those services and, thus, were denied those benefits and enjoyments; and (4) similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better." *Foster*, 2006 U.S. Dist. LEXIS 74512 *6 citing to *Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1322 (S.D. Fla. 2004). Plaintiff's claims of discrimination omit any specific allegations that

Defendant's refusal to accept a non-vested Power of Attorney was motivated by some form of prejudice against the Plaintiff. *Iqbal*, 556 U.S. at 678 ("threadbare recitals of a cause of action's elements, supported by mere conclusory statements…" is insufficient to plead claim); *Twombly*, 550 U.S. at 555 (a plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do."). Here, Plaintiff does not even make any recital that the elements related to his discrimination claims under Title II were met nor does he plead sufficient facts to demonstrate that Defendant's action were discriminatory and retaliatory. Plaintiff also does not plead any facts identifying other customers that were treated differently in the same circumstances or otherwise explain how Defendant's treatment of him was motivated by discrimination. Plaintiff's threadbare allegations does not state a *prima facie* case of discrimination and thus, require dismissal.

### G. Plaintiff's Claims Under the Americans With Disability Act Fails to State A Claim For Which Relief Can Be Granted

Count Four of Plaintiff's Amended Complaint alleges discrimination based on Delk's mental and physical disability should be dismissed for failure to state a claim. Plaintiff specifically cites to § 12112 of the Americans With Disabilities Act ("ADA") in support of his claim. Am. Compl. at ¶ 68. However, § 12112 of the ADA pertains to discrimination in the employment sector. U.S.C. § 12112(a)("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.") *See also, Evans v. Davis Mem'l Goodwill Indus.,* 133 F. Supp. 2d 24 (D.D.C. 2000)(citing to § 12112 and explaining that this section relates to discrimination by an employer against an applicant or an employee). Here, Plaintiff has not alleged

that he is an employee of Defendant. Rather, he alleges that he is a customer of Defendant's bank. Am. Compl. at ¶¶ 35, 45, 56, 66.

Even if Plaintiff had adequately pled the applicable part of the ADA, his claim would still fail because he has again not pled sufficient facts establishing a disability, that Defendant had notice of this disability, nor that Defendant treated a person similarly situated in a different manner. Plaintiff claims that Defendant was aware that he was disabled by representations made by either Plaintiff's Counsel or Robinson, but these representations are unverified. A person is generally considered disabled under the ADA if that person (1) has "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1). The central issue in this action revolves around Defendant's efforts to confirm Plaintiff's alleged disability and the refusal of Plaintiff and his putative agent to provide Defendant with the requisite physician's letter. Plaintiff's Amended Complaint alleges that Defendant had notice because Robinson signed an agreement with the Bank to permit a nursing home to withdraw funds from Delk's checking account. Am. Compl. at ¶25 and at Ex. 11 to ECF No. 10.  Plaintiff references various documents related to "Visiting Angels" home services, but none of these documents show any agreement by Defendant to permit third-party access to Delk's funds. *See* Ex. 11 to ECF No. 10.  Defendant is not discriminating against Delk on account of a disability. It is seeking to confirm the existence of a disability and to comply with the D.C. Uniform Power of Attorney Act so that it might adhere to Delk's wishes as evidenced in the Power of Attorney.

Additionally, Plaintiff has not established that Defendant's refusal to accept Delk's Power of Attorney was motivated by discrimination in violation of the ADA. *Wigginton v. Bank*

*of Am. Corp.,* 770 F.3d 521, 522 (7th Cir. 2014)(discussing various discrimination statutes including the ADA, and stating that one essential allegation is "that someone else has been treated differently.") Defendant's refusal to accept Delk's Power of Attorney was based on the Power of Attorney setting forth a condition precedent before it could be properly vested and Defendant's need to verify that the condition was met. Evidence that a requisite condition set forth in a legal instrument, such as a Power of Attorney, is required by D.C. law. Adherence to the law is a general standard implemented by Defendant. There is no provision in the ADA that forbids Defendant from implementing the same standards, particularly those that require adherence to the law, on disabled persons. Further, Plaintiff has not pled any facts that Defendant accepted a Power of Attorney by a similarly situated person that either did not meet the conditions set forth in the Power of Attorney or did not comply with D.C. law. Accordingly, Plaintiff has failed to state a claim for which relief can be granted under the ADA, and this claim should be dismissed.

**H.    Plaintiff's Claims Under the D.C. Human Rights Act Fail to State a Claim For Which Relief Can Be Granted**

Plaintiff fails to allege under which section of the D.C. Human Rights Act ("DCHRA") he brings his claims of discrimination. *See Eagle Tr. Fund*, 365 F. Supp. 3d 57 (D.D.C. 2019); *Sacks,* 593 F.2d at 1239 (D.C. Cir. 1978) (requiring that a plaintiff sufficiently establish a cause of action). The DCHRA contains multiple subchapters and parts. Plaintiff's Complaint lacks any indication as to which section he bases the authority of his claim. Am. Compl. at ¶¶84-85. Moreover, dismissal of this count is required because Plaintiff's Complaint is devoid of any substantive facts showing that Defendant's refusal to accept his non-vested Power of Attorney was motivated by anything other than the Power of Attorney's failure to comply with D.C. law. Plaintiff has not pled any facts demonstrating that Defendant treated any similarly situated customers differently (i.e, accepting a Power of Attorney from a similarly situated

customer despite the Power of Attorney being non-compliant with D.C. law). *Iqbal*, 556 U.S. at 678 ("threadbare recitals of a cause of action's elements, supported by mere conclusory statements…" is insufficient to plead claim); *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's claims under the DCHRA should be dismissed for failure to plead a cause of action.

## IV.     CONCLUSION

For the foregoing reasons, the Motion of Defendant PNC Bank, N.A. to Dismiss Plaintiff's Amended Complaint should be GRANTED.

Respectfully submitted,

/s/ Timothy F. McCormack
Timothy F. McCormack
D.C. Bar No. 385025
BALLARD SPAHR LLP
111 S. Calvert Street
27th Floor
Baltimore, MD  21202-6174
Telephone: 410.528.5600
Fax: 410.528.5650
mccormackt@ballardspahr.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2023 a copy of the foregoing was filed via ECF and thereby served on all counsel who have entered appearances herein.


_/s/_ Timothy F. McCormack
Timothy F. McCormack